UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

WANDA J. CARMEL,

                              Plaintiff

                                               ORDER
-vs-
                                               15-CV-6704 CJS

VETERANS ADMINISTRATION
MEDICAL CENTER,

                              Defendants
_____

INTRODUCTION

Wanda J. Carmel ("Plaintiff") proceeding *pro se* brings this action against her former employer, the United States Veterans Administration ("VA"), alleging that she suffered employment discrimination on the basis of a disability, in violation of the Americans With Disabilities Act ("ADA"), 42 U.S.C. § § 12111 *et seq*.  Now before the Court is Defendant's motion (Docket No. [#5]) to dismiss the action, pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.")  12(b)(6), for failure to exhaust administrative remedies in a timely manner.  The application is granted and this action is dismissed.

BACKGROUND

The following facts are taken from Plaintiff's Complaint [#1] and the documents attached thereto, as well as from the portions of the underlying administrative record.[1]

---

[1] In resolving a 12(b)(6) motion, the Court is limited as to what it can consider.  *See, Vasquez v. City of New York,* No. 10 Civ. 6277(LBS), 2012 WL 4377774 at *1 (S.D.N.Y. Sep. 24, 2012).  (On a 12(b)(6) motion, "a court may consider 'documents attached to the complaint as an exhibit or incorporated in it by reference, ... matters of which judicial notice may be taken, or ... documents either in plaintiffs' possession or of which plaintiffs had knowledge and relied on in bringing suit.'" *Chambers v. Time Warner, Inc.,*  282 F.3d 147, 153 (2d Cir. 2002) (*quoting Brass v. Am. Film Techs., Inc.,* 987 F.2d 142, 150 (2d Cir. 1993)).").

1

Plaintiff claims to be disabled due to a mold allergy.  Plaintiff alleges that Defendant required her to work in an office with "Sick Building Syndrome," and refused to either provide her with an adequate air purifier or to move her to a location with better air quality.  On May 20, 2014, Defendant terminated Plaintiff's employment.

On May 9, 2014, shortly before her employment was terminated, Plaintiff filed a discrimination complaint with the VA's Office of Resolution Management ("ORM").  Subsequently, on June 3, 2014 and June 20, 2014, respectively, ORM sent requests for additional information to Plaintiff, to which she did not respond.[2]  On July 10, 2014, ORM issued a Final Agency Decision dismissing Plaintiff's complaint.[3]   Such decision included a notice of appeal rights, informing Plaintiff that she had two options for appealing the dismissal of her complaint: she could either file an appeal directly with the Equal Employment Opportunity Commission ("EEOC") within thirty (30) days, or she could file an action in U.S. District Court within ninety (90) days.  ORM sent the Final Agency Decision to Plaintiff's home via United Parcel Service ("UPS"), whose tracking records indicate that the decision was actually delivered to Plaintiff's residence on July 14, 2014.  Plaintiff did not file an appeal with the EEOC or file an action in U.S. District Court within the time limits mentioned above.

Instead, Plaintiff waited five months, until December 17, 2014, before filing an appeal with the EEOC.[4]   As part of the appeal, Plaintiff indicated that the "information" which the ORM had sent to her "in June and July 2014" had been "put in an entrance [to her home] which [she] did not use."  Plaintiff further suggested that she was delayed in

---

[2]Smith Decl. Exs. 4 and 5.  There is no dispute that Plaintiff actually received these requests, though as discussed further below she maintains that she was delayed in seeing them.
[3]Smith Decl. Ex. 6.
[4]Smith Decl. Ex. 7.  The EEOC stamped the appeal "received" on December 17, 2014.  The

2

responding to the Final Agency Decision both because she was ill and needed to "find a new home." On September 22, 2015, the EEOC dismissed Plaintiff's appeal as untimely.[5] The EEOC dismissal order included a notice to Plaintiff that she could challenge the agency's decision by filing a civil action in U.S. District Court within ninety (90) days.

On November 18, 2015, Plaintiff filed the subject action, which happens to be the third employment discrimination action that she has filed in this Court.[6] On May 3, 2016, Defendant filed the subject motion [#5] to dismiss the action for failure to exhaust administrative remedies. Specifically, Defendant contends that Plaintiff failed to comply with the filing deadlines in either 29 CFR § 1614.402(a) or 29 CFR § 1614.407(a).

On June 6, 2016, Plaintiff filed a response [#7] to the motion. Plaintiff's response is a one-page handwritten letter and some exhibits, consisting of both materials pertaining directly to Plaintiff, and materials printed from the internet concerning the ADA and workplace discrimination generally. Because Plaintiff is proceeding *pro se*, the Court is required to construe her submissions liberally to raise the strongest arguments that they suggest. *See, Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994). Nevertheless, Plaintiff's response [#7] says nothing whatsoever concerning her failure to comply with the deadlines in 29 CFR § 1614.402(a) and 29 CFR § 1614.407(a).

Prior to receiving Plaintiff's response, the Court issued a Motion Scheduling Order [#6], which included a date for oral argument. However, upon reviewing Plaintiff's response, the Court determines that oral argument is unnecessary.

---

appeal itself is dated December 15, 2014.
    [5]Smith Decl. Ex. 8.
    [6]See, 12-CV-6379 DGL-MWP *Carmel v. Clifton Springs Hospital and Clinic* and 14-CV-6385 DGL *Carmel v. CSH&C*.

DISCUSSION

<u>The Court Construes Plaintiff's Claim As Being Under
§ 501 of the Rehabilitation Act</u>

The *pro se* Plaintiff commenced this action using a pre-printed form employment discrimination complaint, which listed three type of employment discrimination claims (Title VII, ADEA and ADA), and directed the user to select one or more of those three options.  Plaintiff selected only the ADA option, presumably because her claim involves only alleged discrimination on the basis of disability, and not on the basis of race, color, gender, religion, national origin or age.  However, ADA claims against the federal government are barred by sovereign immunity. *See, Rivera v. Heyman*, 157 F.3d 101, 103 (2d Cir. 1998) ("As a federal employee, Rivera has no remedy for employment discrimination under the ADA. *See* 42 U.S.C. § 12111(5)(B).").  Instead, the sole remedy for a federal employee alleging employment discrimination on the basis of a disability is to sue under § 501 of the Rehabilitation Act. *See, Rivera v. Heyman*, 157 F.3d at 103-104 (Concluding that § 501, and not § 504, is the only mechanism for bringing a disability-based employment discrimination claim against a federal executive-branch agency).  Accordingly, the Court liberally construes Plaintiff's Complaint [#1] as asserting a claim under § 501 of the Rehabilitation Act.

<u>Defendant's Motion to Dismiss</u>

Defendant maintains that Plaintiff's Complaint fails to state a claim upon which relief can be granted.  The general legal principles concerning motions under FRCP 12(b)(6) are well settled:

> Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon

> which it rests. While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964–65, 167 L.Ed.2d 929 (2007); *see also, ATSI Communications, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) ("To survive dismissal, the plaintiff must provide the grounds upon which his claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.' ") (*quoting Bell Atl. Corp. v. Twombly* ) (footnote omitted).

Specifically, Defendant contends that Plaintiff failed to exhaust her administrative remedies in a timely manner before commencing this action.  Before a federal employee may sue in federal court under § 501 of the Rehabilitation Act, he must first exhaust his administrative remedies within a specified time frame:

> EEOC regulations require an employee suing the federal government under the Rehabilitation Act to exhaust certain administrative remedies before initiating a suit in the district court. Thus, an aggrieved agency employee must first seek EEO counseling within forty-five days of the allegedly discriminatory act. *See* 29 C.F.R. § 1614.105(a)(1). The employee must then file an EEO complaint with "the agency that allegedly discriminated against the complainant." *Id.* § 1614.106. Within ninety days of that agency's final decision, or after the passage of 180 days from the filing of the complaint with the agency if no final decision has yet been rendered, the complainant may file suit in federal court. *See id.* § 1614.40[7].

*Boos v. Runyon*, 201 F.3d 178, 181 (2d Cir. 2000); *see also*, 29 C.F.R. § 1614.407(a) (Authorizing, *inter alia*, a lawsuit in U.S. District Court under the Rehabilitation Act "[w]ithin 90 days of receipt of the final action on an individual or class complaint if no

5

appeal has been filed."). However, "[t]his timeliness requirement is not jurisdictional, and the filing deadline is subject to waiver, estoppel, and equitable tolling." *Bruce v. U.S. Dep't of Justice*, 314 F.3d 71, 74 (2d Cir. 2002).

In this action, it is undisputed that Plaintiff failed to comply with the requirements of 29 C.F.R. § § 1614.402(a) and 1614.407(a) in a timely manner. Specifically, after the Department of Veterans Affairs issued a Final Agency Decision on July 10, 2014, denying Plaintiff's EEO complaint, she neither appealed to the EEOC within thirty days, nor filed an action in U.S. District Court within ninety days. Instead, Plaintiff waited five months and then filed an appeal with the EEOC, which that agency dismissed as untimely, specifically finding that Plaintiff "ha[d] not offered justification for an extension of the applicable time limit for filing her appeal."

Although Plaintiff's response to Defendant's motion fails to address Defendant's argument, the Court liberally construes the entire record as raising an issue of equitable tolling. In that regard, while it is undisputed that the Final Agency Decision was actually delivered to Plaintiff's home in a timely manner, she maintains that she did not see the correspondence until later, because it was delivered to an entrance of her home which she did not use. She further contends that after she discovered the correspondence, she telephoned "civil rights," but was unable to either contact the case manager or leave a message, though someone reportedly told her that she might "fall under equitable tolling."[7] Alternatively, Plaintiff vaguely indicates that she was distracted from her disability claim because she was ill, and was also going through a mortgage foreclosure and looking for a new home. Plaintiff, however, never indicates the date that she first

---

[7]Such a vague contention is insufficient to warrant any type of estoppel against Defendant, even assuming that Plaintiff otherwise demonstrated reliance and diligence, which she has not done.

discovered that the Final Agency Decision had been delivered to her home.

"To qualify for equitable tolling, the plaintiff must establish that extraordinary circumstances prevented her from filing her claim on time, and that she acted with reasonable diligence throughout the period she seeks to toll." *Parada v. Banco Indus. De Venezuela, C.A.*, 753 F.3d 62, 71 (2d Cir. 2014) (citation and internal quotation marks omitted).  Even construing the record liberally in Plaintiff's favor, the Court cannot find that her proffered excuses satisfy either prong of the equitable tolling test. *See, e.g., Semper v. New York Methodist Hosp.*, 786 F. Supp. 2d 566, 578 (E.D.N.Y. 2011) ("Equitable tolling applies to clerical or mailing complications primarily in those situations where the EEOC, not plaintiff, was derelict in its duties.") (citation omitted); *see also, Mandarino v. Mandarino*, 408 F. App'x 428, 430, 2011 WL 285242 at *1 (2d Cir. Jan. 31, 2011) ("[A] litigant seeking equitable tolling cannot rely on conclusory and vague claims [of illness], and must proffer a particularized description of how his condition adversely affected his capacity to function generally or in relationship to the pursuit of his rights.") (citation and internal quotation marks omitted).  Consequently, the Court finds that Plaintiff's claim is barred due to her failure to timely exhaust her administrative remedies prior to commencing this action.

## CONCLUSION

Defendant's motion [#5] to dismiss is granted, and this action is dismissed without prejudice. *See, Standard Inv. Chartered, Inc. v. Nat'l Ass'n of Sec. Dealers, Inc.*, 560 F.3d 118, 124 (2d Cir. 2009) ("[A] dismissal for failure to exhaust available administrative remedies should be 'without prejudice.'").  The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith and leave to appeal to the Court of Appeals as a poor person is denied.

*Coppedge v. United States*, 369 U.S. 438 (1962).  Further requests to proceed on appeal *in forma pauperis* should be directed on motion to the United States Court of Appeals for the Second Circuit in accordance with Rule 24 of the Federal Rules of Appellate Procedure.  The Clerk of the Court is directed to terminate this action.

Dated:          Rochester, New York
                June 27, 2016
                                        ENTER.

                                        /s/ Charles J. Siragusa
                                        CHARLES J. SIRAGUSA
                                        United States District Judge